CV 13-1769

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

STARTAVIA WASHINGTON,

MATSUMOTO, J.

Plaintiff,

-against-

**COMPLAINT** AZRACK, M.

THE CITY OF NEW YORK,
DAVID SOLMONSOHN and
JOHN and JANE DOES 1-5,

**PLAINTIFF HEREBY
DEMANDS A JURY TRIAL**

Defendants.

------------------------------X

Plaintiff, Startavia Washinton, by her attorneys, Reibman & Weiner, as and for

her Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

1.      At all times hereinafter mentioned, plaintiff Startavia Washington was a

teenage adult female resident of Kings County, within the State of New York.

2.      At all relevant times hereinafter mentioned, defendant City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York City Police

Department ("NYPD"), and their employees.

3.      At all relevant times hereinafter mentioned, defendant David

Solmonsohn (Tax 933374) was an adult male employed by the City of New York as a

member of the NYPD assigned to the Narcotics Bureau Brooklyn North ("NBBN").

Solmonsohn is sued herein in his official and individual capacities.

4.      At all relevant times hereinafter mentioned, defendants John and Jane Does 1-5 were adults employed by the City of New York as members of the NYPD whose identities are presently unknown to plaintiff. John and Jane Does 1-5 are sued herein in their official and individual capacities.

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6.      Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

7.      That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

8.      At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9.      That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

**RELEVANT FACTS**

10.     On February 16, 2012, at about 6:00 A.M., plaintiff, then 17 years-old, was lawfully present inside an apartment at 130 Lefferts Place, #3B, in the County of Kings and State of New York (the "premises").

11.     The premises was an apartment inhabited by plaintiff's older sister, her

-2-

sister's boyfriend, and their infant children.

12.     At or about the above time, plaintiff was sleeping in the living room just a few feet from the front door to the apartment. Plaintiff's sister and her boyfriend were asleep in their bedroom.

13.     At this time, the Solmonsohn and the Doe defendants arrived in several NYPD vehicles, loudly and forcibly entered the premises with guns drawn, and ordered the plaintiff to get on the floor.

14.     When the defendants entered at or about 6:00 a.m. they encountered the plaintiff in her bed just a few feet from the front door.

15.     As of the date of this event, the Doe defendants, like Solmonsohn, are believed to have been assigned to the NBBN. The NBBN is part of the Narcotics Division.

16.     The defendants were not invited into the premises nor was their entry consented to by the plaintiff, or any other individual authorized to so consent.

17.     There were no exigent circumstances present that would permit defendants to enter the premises absent a warrant or invitation.

18.     Plaintiff was never shown a warrant, and has no knowledge if such warrant exists.

19.     Plaintiff was not engaged in any unlawful or suspicious activity, and informed defendants that she was present at the residence as a guest of her sister.

20.     Although there was no legal basis to seize the plaintiff, defendants placed the plaintiff in handcuffs, and searched her and her possessions, which were nearby.

-3-

21.     The search yielded no evidence of guns, drugs, or contraband, nor was any such contraband found in the living room where plaintiff was sleeping or in or among her possessions.

22.     The defendants claim to have found narcotics or narcotics-related contraband inside the bedroom where plaintiff's sister and her boyfriend were sleeping when the defendants arrived.

23.     Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants formally arrested her, as well as her sister and her sister's boyfriend.

24.     The decision to arrest plaintiff was objectively unreasonable under the circumstances.

25.     Plaintiff was then transferred to a local area precinct where she was held for a number of hours before she was transferred to New York County Central Booking ("NYCCB") where she was held for many more hours.

26.     Eventually the Kings County District Attorney's Office declined to prosecute plaintiff and she was summarily released from NYCCB.

27.     It was objectively unreasonable for the defendants to arrest plaintiff, as there was no evidence that she had engaged in any unlawful conduct.

28.     At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

29.     At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against

-4-

plaintiff.

30.     The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

31.     That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

32.     Plaintiff repeats the allegations contained in paragraphs "1" through "31" above as though stated fully herein.

33.     At no time did defendants have any legal basis for arresting or imprisoning plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

34.     Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and did so without a reasonable basis to believe such cause existed.

35.     By doing so, the individual defendants, individually and collectively, subjected plaintiff to unlawful searches of person and property, false arrest and imprisonment, and thereby violated plaintiff's rights under the Fourth and Fourteenth

-5-

Amendments of the United States Constitution.

36.    By reason thereof, the individual defendants have violated 42 U.S.C.

§1983 and caused the plaintiff to be deprived of her federal constitutional rights, to suffer

loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental

anguish.

## SECOND CAUSE OF ACTION

37.    Plaintiff repeats the allegations contained in paragraphs "1" through

"36" above as though stated fully herein.

38.    The individual defendants' actions in this matter were carried out in

accordance with an existing plan or policy created or otherwise condoned by the municipal

defendant designed to increase the number of arrests made without regard to probable cause

generally, and within the Narcotics Bureau specifically.

39.    More precisely, under this policy or plan, officers within the Narcotics

Bureau generally, and in the NBBN in particular, including the individual defendant, would

secure warrants to search social clubs, apartments, and other locations, and, if any

contraband was found, routinely arrest all persons found therein, regardless of whether there

was any factual basis for the charges.  The arresting officer(s) would then make false

statements of fact as to seeing narcotics in plain view or otherwise in the possession of each

of the persons arrested.

40.    The purpose of this policy or plan was to generate large numbers of

arrests to help the NYPD create a false impression of positive activity by their officers.

41.    In addition, members of the Narcotics Bureau are evaluated, at least in part, on the basis of their "activity" which is measured by the number of arrests made, search warrants secured, and other, similar criteria. Thus, members of the Narcotics Bureau routinely make arrests and engage in other police activity without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

42.    The policy or plan was kept in effect from, at least, 2006 through, at least, the date of plaintiff's arrest, despite the municipal defendant's knowledge that the individuals arrested were not being charged or that there was insufficient evidence to justify the arrests or that the arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting offices often had found insufficient cause to justify the imposition of charges or continued prosecution if charges were filed.

43.    Evidence of this plan can be found, for example, in the vast array of litigation against members of the NBBN alleging that these officers have routinely arrested all individuals present in residences or businesses where contranband is found, regardless of the absence of any reasonable basis to believe that the persons being arrested could be charged for constructive possession of the recovered contraband.

44.    Moreover, in October 2011, following a bench trial in New York State Supreme Court, Kings County, under indictment number 06314-2008, former NYPD narcotics officer Jason Arbeeny was convicted of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the trial judge scolded the NYPD

for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

45.     In sum, there is in place at the NBBN a policy by which NBBN officers routinely arrest people without regard for probable cause and then fabricate evidence to justify these arrests when probable cause does not exist. This practice is tolerated by the municipal defendant because it helps create artificially high arrest numbers.

46.     Defendant City of New York created, approved or condoned the practice and policy, as carried out by the Narcotics Bureau generally and the NBBN in particular, of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

47.     By reason thereof, the municipal defendant has violated 42 U.S.C. § 1983 and caused the plaintiff to be deprived of her federal constitutional rights, to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## THIRD CAUSE OF ACTION

48.     Plaintiff repeats the allegations contained in paragraphs "1" through "47" above as though stated fully herein.

49.     The individual and municipal defendants are liable to plaintiff under New York law for falsely arresting and , imprisoning her.

50.     At no time did defendants have any legal basis for arresting or imprisoning plaintiff, or commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

51.     By reason thereof, defendants have caused plaintiff to suffer emotional injuries, mental anguish, the loss of her constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and

severally as follows:

    i.      on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.     on the second cause of action, actual damages in an amount to be determined at trial;

    iii.    on the third cause of action, actual and punitive damages against the individual defendants and actual damages against the municipal defendant in an amount to be determined at trial;

    iv.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    v.    such other relief as the Court deems just and proper.

Dated:  Brooklyn, New York
         April 2, 2013

By: _____
        Michael Lumer
        Reibman & Weiner
        Attorneys for Plaintiff
        26 Court Street, Suite 1808
        Brooklyn, New York 11242
        718-522-1743